IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BILLY RAY STARBUCK,

        Petitioner,

v.                                                                   CIV 00-476 JC/KBM

ERASMO BRAVO, Warden and
PATRICIA MADRID, Attorney General,

        Respondent.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

        This matter is before the Court on Billy Ray Starbuck's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, filed May 16, 2000, *Doc. 1,* and Respondents' Motion To Dismiss, *Doc. 12*. Because he filed after the effective date of Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") – April 24, 1996 – its one-year limitations period applies in this case. *See* 28 U.S.C. § 2244(d)(1). Having considered the arguments, pleadings, and relevant law, I find the petition untimely and recommend that it be denied.

        After pleading guilty to voluntary manslaughter and tampering with evidence and having been found a habitual offender, Petitioner was sentenced on November 12, 1996. The judgment was entered November 18, 1996. *Answer, Exh. A*. Under § 2244(d)(1)(A) a judgment becomes final as of "the conclusion of direct review or the expiration of the time for seeking such review." Unpublished decisions of the Tenth Circuit indicate that a judgment entered following a guilty plea becomes "final" for the purposes of AEDPA's one-year limitations period when the time for

withdrawing the plea expires. *E.g., Laster v. Booher,* 2000 WL 368429 (Unpublished Decision 10th Cir. 2000), *cert. denied,* 121 S. Ct. 230 (2000) . Under N.M. Stat. Ann. § 39-1-1, it appears that a motion to withdraw is "deemed" denied if it is not filed within thirty days of the judgment and thereafter a defendant has thirty days to appeal the "denial." *State v. Peppers,* 110 N.M. 393, 796 P.2d 614 (Ct. App.), *cert. denied,* 110 N.M. 260, 794 P.2d 734 (N.M. Jun 19, 1990). Thus, arguably the latest date at which Petitioner's conviction became final was January 17, 1997 and his federal habeas petition was therefore due in January 1998.

While "properly filed" state post-conviction remedies will toll the limitations period, Petitioner waited almost a year after his federal limitations period expired to begin seeking relief in the state courts. For example, he waited until November 6, 1998 to file a *pro se* "motion for reconsideration" asking for a reduction in his sentence. *Answer, Exh. E.* The motion was denied because such motions must be filed within ninety days of the date on which sentence is imposed. *Id. Exh. F; see also* N.M.S.C. Rule 5-801. Immediately after this ruling, Petitioner pursued state habeas relief *pro se.* The public defender was appointed to represent him and, following an evidentiary hearing on his claims of involuntary plea and ineffective assistance of counsel prior to his plea, habeas relief was denied on November 12, 1999. *Answer, Ex. L.* Counsel unsuccessfully pursued a writ of certiorari to the New Mexico Supreme Court. *Id., Exh. N.*

Petitioner seeks to raise the involuntary plea and ineffective assistance of counsel claims he raised in the state habeas petition, but his federal petition is time-barred. In response, Petitioner argues in conclusory fashion that he was limited in his use of prison library facilities and intimates that he was unaware of the limitations period. *Doc. 14.* While the one-year limitations period can be equitably tolled in "rare and exceptional circumstances," the record establishes that

withdrawing the plea expires. *E.g., Laster v. Booher,* 2000 WL 368429 (Unpublished Decision 10th Cir. 2000), *cert. denied,* 121 S. Ct. 230 (2000) . Under N.M. Stat. Ann. § 39-1-1, it appears that a motion to withdraw is "deemed" denied if it is not filed within thirty days of the judgment and thereafter a defendant has thirty days to appeal the "denial." *State v. Peppers,* 110 N.M. 393, 796 P.2d 614 (Ct. App.), *cert. denied,* 110 N.M. 260, 794 P.2d 734 (N.M. Jun 19, 1990). Thus, arguably the latest date at which Petitioner's conviction became final was January 17, 1997 and his federal habeas petition was therefore due in January 1998.

While "properly filed" state post-conviction remedies will toll the limitations period, Petitioner waited almost a year after his federal limitations period expired to begin seeking relief in the state courts. For example, he waited until November 6, 1998 to file a *pro se* "motion for reconsideration" asking for a reduction in his sentence. *Answer, Exh. E.* The motion was denied because such motions must be filed within ninety days of the date on which sentence is imposed. *Id. Exh. F; see also* N.M.S.C. Rule 5-801. Immediately after this ruling, Petitioner pursued state habeas relief *pro se.* The public defender was appointed to represent him and, following an evidentiary hearing on his claims of involuntary plea and ineffective assistance of counsel prior to his plea, habeas relief was denied on November 12, 1999. *Answer, Ex. L.* Counsel unsuccessfully pursued a writ of certiorari to the New Mexico Supreme Court. *Id., Exh. N.*

Petitioner seeks to raise the involuntary plea and ineffective assistance of counsel claims he raised in the state habeas petition, but his federal petition is time-barred. In response, Petitioner argues in conclusory fashion that he was limited in his use of prison library facilities and intimates that he was unaware of the limitations period. *Doc. 14.* While the one-year limitations period can be equitably tolled in "rare and exceptional circumstances," the record establishes that

Starbuck was not diligent in seeking relief following sentencing and, moreover, his tendered grounds do not qualify. *See e.g., Gibson v. Klinger,* 232 F.3d 799 (10th Cir. 2000) ("simple excusable neglect is not sufficient . . . a petitioner must diligently pursue his federal habeas claims; a claim of insufficient access to relevant law, such as AEDPA, is not enough to support equitable tolling"); *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.) (petitioner's lack of awareness of AEDPA limitation period did not warrant equitable tolling), *cert. denied,* 525 U.S. 891 (1998); *Rodriguez v. Maynard,* 948 F.2d 684, 688 (10th Cir. 1991) ("*pro se* status and . . . corresponding lack of awareness and training on legal issues do not constitute adequate cause" for failure to raise an issue in a previous habeas petition).

   Petitioner's sixth claim of "judicial error" requires a bit more discussion. In essence, Starbuck argues that trial judge's decision denying state habeas relief was wrongly decided. *Doc. 1 at 32.* Section 2244(d)(1)(D) provides that the limitations period runs from the date on which the "factual predicate of the claim . . . could have been discovered through the exercise of due diligence." Respondents argue that if the "judicial error" claim falls within this section it is nevertheless without merit because it does not present a cognizable federal constitutional claim and because the claim was procedurally defaulted because it was not raised by counsel on appeal to the New Mexico Supreme Court. Having read Petitioner's voluminous petition, I find that the sixth claim is not a separate claim but simply duplicates his other arguments. Moreover, I agree that a claim of this sort is not cognizable in federal habeas. *E.g., Lennox v. Evans,* 87 F.3d 431, 434 (10th Cir. 1996) (federal habeas court does not review a state conviction for legal error in a broad sense). Moreover, as discussed above Petitioner argues that the statute should be tolled, not that he falls within § 2244(d)(1)(D).

3

Wherefore,

**IT IS HEREBY RECOMMENDED THAT** Respondents' Motion To Dismiss be granted and that the petition be dismissed as time-barred under § 2244(d)(1).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 10 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  **A party must file any objections with the Clerk of the District Court within the ten day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE